UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO SALAZAR, JENNY MENA,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and<br>QUALITY LOAN SERVICING CORP,<br><br>Defendants. | No. 2:17-cv-2420-MCE-EFB PS<br><br><br>ORDER |

Plaintiffs seek leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] Their declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 3. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As explained below, plaintiffs' complaint must be dismissed for lack of jurisdiction and failure to state a claim.

---

[1] This case, in which plaintiffs are proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiffs bring this action against defendants Wells Fargo Bank, N.A. and Quality Loan Servicing Corporation ("Quality"), alleging that they violated California's Homeowners Bill of Rights ("HBOR"). The complaint alleges that in 2012, plaintiff obtained a loan from Wells Fargo, N.A. ("Wells Fargo") to purchase a home located at 6712 Winlock Ave, Citrus Heights, California. ECF No. 1 at 1-2. In 2015, plaintiffs attempted to modify their loan. *Id*. at 2. While their loan modification efforts were ongoing, Wells Fargo continued with foreclosure proceedings by scheduling a trustee's sale. *Id*. Plaintiffs further allege that Wells Fargo has "shuffled and passed their file around to a multitude of 'Single points of contact.'" *Id*. Plaintiffs claim that defendants' conduct violated the HBOR's prohibition on dual tracking and its requirement that they be provided a single point of contact.

As a threshold matter, plaintiffs' complaint fails to establish subject matter jurisdiction. Diversity of citizenship that could support jurisdiction over their state law claims is not alleged. To establish diversity jurisdiction plaintiffs must allege diverse citizenship of all parties. *Bautista*, 828 F.2d at 552. The complaint indicates that plaintiffs have resided in California since 2012, suggesting they are citizens of California. But the complaint is silent as to the citizenship of both Wells Fargo and Quality.[2]

Aside from the jurisdictional defect, the complaint's allegations are insufficient to state a claim for violation of the HBOR. First, the complaint is devoid of any allegations concerning

---

[2] The court notes that numerous district courts have found that Quality is a California citizen. *See, e.g., Kelley v. Caliber Home Loans, Inc.*, 2018 WL 2064633, at *2 (E.D. Cal. 2018) ("There is also no dispute that Quality is a California resident."); *Zipser v. Caliber Home Loans, Inc.*, 2017 WL 4155335, at * 4 (C.D. Cal. Sept. 18, 2017) (finding no diversity jurisdiction because plaintiff and Quality were both citizens of California).

3

defendant Quality, much less allegations that would support a claim for relief.  Plaintiffs also fail to allege facts sufficient to show that Wells Fargo engaged in dual tracking.  The HBOR provides that if a borrower submits a completed application for a loan modification, the lender and its agents shall not record a notice of sale while the first lien loan modification application is pending.  Cal. Civ. Code § 2923.6(c).  Plaintiffs do not allege that they submitted a complete application for a loan modification.  Rather, they vaguely allege that they engaged in "efforts" to modify their loan.  ECF No. 1 at 2.  Lastly, plaintiffs' conclusory allegation that defendants failed to provide them with a single point of contact is insufficient to state a claim for violation of the HBOR.  California Civil Code § 2923.7 requires a lender to provide a single point of contact in relation to a request for a loan medication.  However, to state a claim for violation of § 2923.7, plaintiffs must allege that the failure to provide a single point of contact affected their "loan obligations or the modification process." *Shupe v. Nationstar Mortgage LLC*, 231 F. Supp. 3d 597, 603 (E.D. Cal. 2017).  Plaintiffs' complaint contains no such allegations.  Accordingly, plaintiffs' complaint must be dismissed for lack of jurisdiction and failure to state a claim.

Plaintiffs are granted leave to file an amended complaint.  Any amended complaint must allege a basis for this court's jurisdiction, as well as a cognizable cause of action against a proper defendant and sufficient facts to support that cause of action.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the allegations against defendant and shall specify a basis for this court's subject matter jurisdiction.  It shall also plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

/////

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiffs' request for leave to proceed *in forma pauperis* (ECF No. 3) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: February 27, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE